¶IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. |
| v. ) ) | COMPLAINT |
| LOWE'S HOME CENTERS, INC., ) a wholly owned subsidiary of ) LOWE'S COMPANIES, INC. ) ) | JURY TRIAL DEMAND |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Mark Buehler who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7- 9 below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant denied Mr. Buehler a reasonable accommodation of his sincerely held religious belief and retaliated against him for requesting an accommodation, in violation to Title VII. The Commission further alleges that while Defendant has an apparent policy for requesting religious accommodations, its workplace implementation is to maintain a policy and practice of refusing to accommodate sincerely held religious beliefs, in violation of Title VII.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. S 2000e, et seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Northeastern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by S706(f)(1) and (3) of Title VII, 42 U.S.C. S2000-5(f)(1) and (3).

4. At all relevant times, Defendant, Lowe's Home Centers, Inc. ("Defendant"), has been a North Carolina corporation doing business in the State of Tennessee and the City of Morristown and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of S701(b), (g), and (h) of Title VII, 42 U.S.C. S2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mark Buehler filed a charge with the Commission alleging violation of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 8, 2007, to the present, Defendant Employer has engaged in unlawful employment practices at its Morristown, Tennessee facility, in

violation of §§701(j) and 703(a) of Title VII, as amended, 42 U.S.C. §§2000e-(j) and 2(a). Defendant denied Mark Buehler a reasonable accommodation of his sincerely held religious beliefs.

    (a)    Mr. Buehler began working for Defendant in 2002.

    (b)    Mr. Buehler was baptized in July 2006 and holds a sincere religious belief against working on the Sabbath, Sunday.

    (c)    In 2007 Mr. Buehler worked at Defendant's Morristown location, store #579.

    (d)    Defendant transferred Mr. Buehler from Delivery department to Outside Lawn and Garden department ("OLG") in September 2007.

    (e)    On September 14, 2007, Mr. Buehler made a written request to the store manager for a religious accommodation. He requested that Defendant not schedule him for work on Sunday.

    (f)    At Defendant's request, on September 21, 2007, Mr. Buehler completed a form entitled "Accommodation Request Form, For ADA and Title VII Religious Accommodation Use Only." Again, Mr. Buehler requested an accommodation for his sincerely held religious belief against working on Sunday.

    (g)    Defendant did not respond for nearly two months to Mr. Buehler's two written requests for accommodation of his sincerely held religious belief.

    (h)    On November 13, 2007, Defendant's regional director of Human Resources denied Mr. Buehler's requests.

    (i)    The reason for the denial was that it might create a hardship on other employees who might like to have Sundays off.

(j) The accommodation offered by Defendant's regional director of Human Resources was for Mr. Buehler to elect to change to part-time work (for less money and fewer benefits), or apply for a position that did not require working Sundays, only if one became available.

(k) A co-worker offered to take all Mr. Buehler's Sundays Defendant, however, refused to allow the offered accommodation and claimed that an accommodation created an unfair hardship for other employees.

(l) On January 20, 2008, Mr. Buehler submitted another formal written request for accommodation of his sincerely held religious belief against working on Sunday.

(m) Defendant did not respond to Mr. Buehler's January 20, 2008 request, but continued to schedule him for Sunday work.

(n) Mr. Buehler applied for available positions for which he was qualified, and which would alleviate the conflict with his sincerely held religious belief.

(o) Defendant did not select Mr. Buehler for any of the available positions.

(p) From September 2007 until November 2008, Defendant continued to schedule Mr. Buehler for Sunday work, and Mr. Buehler continued to observe his Sabbath and not work on Sunday.

(q) In early December 2008, Defendant reduced Mr. Buehler (and about 20 other full-time workers) from full-time to part-time status.

(r) Defendant has denied and continues to deny Mr. Buehler's applications for open full-time positions, because of his sincerely held religious belief against working on the Sabbath, Sunday.

(s) The effect of the practices complained of in paragraphs 7(a) – (r) above has been to deprive Mark Buehler of equal employment opportunities and otherwise adversely affect his status as an employee.

(t) The unlawful employment practices complained of in paragraphs 7(a) – (r) above were and are intentional.

(u) The unlawful employment practices complained of in paragraphs 7(a) – (r) above were done with malice or with reckless indifference to the federally protected rights of Mark Buehler.

8. Since at least September 16, 2007, Defendant has engaged in unlawful employment practices at its Morristown, Tennessee facility, in violation of §§704(a) of Title VII, as amended, 42 U.S.C. §§2000e-3(a). Defendant retaliated against Mr. Buehler because of his complaints about his requests for an accommodation for his sincerely held religious belief against working on his Sabbath, Sunday.

(a) The policy in the OLG department was to rotate full-time employees to work Sunday every four weeks.

(b) Mr. Buehler made his first request for accommodation of his sincerely held religious belief on September 14, 2007.

(c) Immediately after his request, Defendant scheduled him to work all but two Sundays between September 16, 2007, and December 2, 2007.

(d) During this period, Defendant did not schedule any other OLG employee to work more than one or two Sundays a month, and some employees were never scheduled for Sunday work.

(e)     Defendant issued an attendance warning to Mr. Buehler on November 24, 2007, for not working Sundays. In response, Mr. Buehler wrote that he had a sincerely held religious belief against working Sunday.

(f)     On January 20, 2008, Mr. Buehler made another written request for accommodation of his sincerely held religious belief against working on the Sabbath, Sunday. Defendant did not respond to his request.

(g)     Defendant scheduled Mr. Buehler to work nearly 27 Sundays from January 6, 2008, to July 13, 2008, except for March 16, 2008, when Mr. Buehler was on vacation.

(h)     During the same period, Defendant did not schedule any other OLG worker to work more than one or two Sundays a month, and some were not scheduled to work Sunday at all.

(i)     On February 12, 2008, Defendant issued another attendance warning to Mr. Buehler, regarding his not working on Sundays. Mr. Buehler wrote on the warning that he had a sincerely held religious belief against working on Sunday.

(j)     On March 6, 2008, Defendant issued a "Final Notice on Attendance" to Mr. Buehler.

(k)     Defendant scheduled Mr. Buehler to work 13 of the next 20 Sundays between July 12, 2008, and November 30, 2008.

(l)     During the same period, Defendant did not schedule any other OLG worker to work more than one or two Sundays a month, and some were not scheduled to work Sunday at all.

(m) Mr. Buehler lost eight hours pay each week Defendant knowingly and intentionally scheduled him to work on his Sabbath.

(n) The effect of the practices complained of in paragraphs 8(a) – (m) above has been to deprive Mark Buehler of equal employment opportunities and otherwise adversely affect his status as an employee.

(o) The unlawful employment practices complained of in paragraphs 8(a) – (m) above were and are intentional.

(p) The unlawful employment practices complained of in paragraphs 8(a) – (m) above were done with malice or with reckless indifference to the federally protected rights of Mark Buehler.

9. Defendant's policy and practice is to refuse to provide permanent accommodations for sincerely held religious beliefs to its employees, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000-e.

(a) After Mr. Buehler requested an accommodation for his religious belief, Defendant required that he complete a form entitled "Accommodation Request Form, For ADA and Title VII Religious Accommodation Use Only."

(b) Defendant did not interact with Mr. Buehler regarding his request.

(c) Defendant's regional director of human resources denied Mr. Buehler's requests because Defendant believed other employees might like to have Sundays off.

(d) Defendant's regional director of human resource did not consider the accommodations offered by Mr. Buehler or his co-workers.

(e) Defendant did not consider Mr. Buehler's request to transfer to another department to alleviate the conflict.

(f) Defendant had not trained its in-store human resource manager at store # 579 on the requirement for reasonable accommodation for religious belief absent undue hardship.

(g) Defendant's regional human resource director did not advise the in-store human resource manager of the possible accommodations mandated by law.

(h) Defendant would not allow an accommodation because it deemed it unfair to other workers.

(i) The unlawful employment practices complained of in paragraphs 9(a) – (h) above were and are intentional.

(j) The unlawful employment practices complained of in paragraphs 9(a) – (h) above were done with malice or with reckless indifference to the federally protected rights of Defendant's employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of religion or on the basis of retaliation for requesting accommodation for a sincerely held religious belief under Title VII of the Civil Rights Act of 1964, as amended.

B. Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for employees' religious beliefs

8

and that provide protection against retaliation, which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Mark Buehler by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mark Buehler to full time status.

D. Order Defendant to make whole Mark Buehler by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 – 9 above, including emotional pain, suffering, inconvenience, and other appropriate expenses, in amounts to be determined at trial.

E. Order Defendant to make whole mark Buehler by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in paragraphs 7 – 9 above, including emotional pain, suffering, inconvenience and mental anguish, in amounts to be determined at trial.

F. Order Defendant to pay Mark Buehler punitive damages for its malicious and reckless conduct described in paragraphs 7– 9 above, in amounts to be determined at trial.

G. Grant a permanent injunction enjoining Defendant from continuing its policy and practice of refusing to provide a reasonable accommodation to its employees based on sincerely held religious beliefs.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

JAMES L. LEE
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
Washington, D.C.

*/s/ Faye A. Williams /by Sally Ramsey w/ permission*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

*/s/ Deidre Smith /by SR w/ permission*
**DEIDRE SMITH**
Supervisory Trial Attorney
TN Bar No. 18499

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 900
Memphis, TN 38104
(901) 544-0088

*/s/ Sally Ramsey*
**SALLY RAMSEY**
Senior Trial Attorney
TN Bar No. 18859

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105